FILED
APR 26 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| King R. Perkins Jr. ) | |
| ) | Case No. 04C2855 |
| Plaintiff ) | |
| v. ) | Judge Grady |
| City of Chicago, et. al.., ) | |
| Officer Harry Strong. CPD ) | Jury Trial Demanded |
| Unknown Police Officers.C.P.D. ) | |
| Unknown A.T.F. Officers ,Fed. ) | |
| Towing Companies, City of Chicago ) | |
| People Gas Company ) | |
| Fire Department ) | |
| Defendants | |

## AMENDED COMPLAINT

Now comes the plaintiff, who states as follows:

## PLAINTIFF'S JURISDICTIONAL STATEMENT

That this court has jurisdiction to hear this matter under the following provisions, U.S.C. Rules, 42 U.S.C. 1983,1985, 28 U.S.C. 1343, 1331, and supplemental jurisdiction of 28 U.S.C.

## GROUNDS FOR PLAINTIFF'S COMPLAINT

NOW COMES the Plaintiff, KING R. PERKINS JR., pro se, complaining of the defendants

as follows:

1.) Who states that the search and seizer of properties located at 1356 South Fairfield Avenue, and 1358 South Fairfield Avenue, which took place on April 19th, 20th, and 21st 2002, was unlawful, in that it was executed on the premises of a party who was not named in the search warrant, and as such , was in no way involved in the police action and the property that was seized was not the property of the party, or the

1



defendant, who was being sought by the officers.

The plaintiffs states:

2.) That the officers conducting the search knew or should have known, that the defendant did not reside at the addresses searched , as it is a fact that the officers and the City of Chicago in granting the search warrant made no effort to discover whether or not The suspect made his residence at either of the afore named addresses, as such , Conducted their search and seizer based solely on the fact that the plaintiff was the father of the suspect, in that the City of Chicago Police Department or the A.T.F. officers never had probable cause to believe that the suspect made his residence at the premises of which the warrant was issued .

The plaintiff states :

3.) The Chicago Police Department disregarded information that was given by a Chicago Police officer who had personal knowledge of the fact that the suspect did not reside at the premises. This information was totally disregarded by the Chicago Police Department and the A.T.F. officers , and even after it was discovered that the suspect neither reside at the resident or even on the premise, the police officers continued to illegal seize property of which they knew or should have known did not belong to the suspect and as such conducted their search under a different theory of law other than that for which the warrant was issued.

The plaintiff states:

4.) The search warrant issued to the Chicago Police Department, was not issued with the authority for the police department to search and seize property at the plaintiff's

2

residence and based upon the fact, that the Chicago Police Department knew or should have known, that the property seized did not belong to the suspect, based upon the fact, that the Chicago Police Department had no probable cause to believe that the defendant made his residence at the location from which the property was illegal seized, conducted their search under a theory of law other than that for which the warrant was issued, as such, violated plaintiffs Constitutional Rights.

The plaintiff states:

5.) In order for the City of Chicago to obtain a warrant, a complaint must state under oath or affirmation, facts sufficient to show probable cause. The plaintiff bases this fact of law upon the following legal precedence, as the courts have stated in pertinent part:

### [3.4] Search warrants in General

In order to obtain a search warrant in Illinois, a complaint must state, under oath or affirmation, " facts sufficient t show probable cause" and particularly describe " the place or person, or both , to be searched and the things to be seized" [ emphasis added.] 725.IlCS 5/108-3(a) . see *Dalia v. United States*, 441 U.S. 238 , 60 L.Ed. 2d 177, 99 Sct. 1682{1979}. both prongs of the search warrant requirements must be met for a search warrant to be properly issued . the complaint and affidavit for the issuance of a search warrant must be considered by the issuing judge and reviewing court " in a common sense and realistic fashion," and great deference should be paid to the issuing judge's determination of probable cause. *United States v. Ventresca*, 380 U.S. 102' 13 L.Ed . 2d 684, 85 Sct. 741, 746 (1965); *People v. Wolski*, 83 Ill. App.

The plaintiff states:

6.) That the search warrant that was issued to the Chicago Police Department, was issued in complete violation of the afore cited legal precedence, in that the original warrant issued to the Chicago Police Department was only for the arrest of the suspect, and not for search of the plaintiff's premises. The Chicago Police Department executed the search

3

and seizer of the plaintiff's property without probable cause, in that they had more than ample time to discover whether or not the suspect resided at the address form which the property was seized, and as such, had no reason to believe that the property belonged to the suspect.

The plaintiff states:

7.) That the City of Chicago had no probable cause to believe that the defendant was guilty of theft or breaking and entering or being in possession of any stolen goods, as the original warrant was issued for an address that the suspect did not reside, and the warrant that was issued for the suspect involved in drug trafficking, as such, the police, and the A.T.F. officers had ample time, to discover, that not only was the warrant issued for an address of which the suspect did not reside, the officers illegally seized property from that residence of which they had no probable cause to believe that the property belonged to the suspect, as it is a fact, that the officers made no arrests, yet denied the residence of that address the right to enter, and the right to be secure in their residence, and even, after the police discovered that the suspect had not made his residence at that address, the police still continued to deny the residence of the property entry to the property, some of which were the minor children of the plaintiff, it appears, that because the plaintiff is the father of the suspect, as such, this fact alone gave the Chicago Police Department, and the A.T.F. officers the right to invade the plaintiff 's property' inspite of the fact, that the suspect has never made his residence at that address.

The plaintiff states:

That the Chicago Police officers and A.T.F. officers knew or should have known,

That the afore cited facts, clearly should have been cause for the officers to comply

4

With the following legal precedence, as the courts have stated in pertinent part:

> To support the issuance of a search warrant, facts must be related that would cause a reasonable person to believe that a crime was committed and the evidence is in the place to searched. And as such, the property to be seized must be identified sufficiently in the complaint for a search warrant and the supporting affidavits in order " to prevent a mere roving commission and search" and to enable the warrant to survive a constitutional attack. *People v. Raicevich*, 61 Ill. App. 3d.143, 377. N.E. 2d 1266, 1268, 18 Ill. Dec. 630 (3d Dist.1978), Cert Denied, 99, Sct.2409 (1979). In order to sufficiently describe the place or person to be searched, Illinois law requires the specific facts rather than mere acceptance of the " beliefs, inferences and conclusions" of the affiant. *People v. Harshbarger*, 24 Ill. App . 3d 335, 321 N.E.2d 138, 141 (5th Dist. 1974). For instance, a warrant issued upon the sworn allegation
> 1. that an affiant " has caused to suspect an does believe that certain merchandise" was in a specified location has been held insufficient as " a mere affirmation of suspicion and belief without any statement of adequate supporting facts. " *Nathanson v. United States* 290 U.S. 41,78 L.Ed .159, 54 Sct. 11, 12-13 (1933) indeed , to permit a warrant to be Issued on an affiant's inferences and beliefs without any supporting Facts constitutes a violation of the very purpose of the constitutional Requirement " that the inferences from the facts which lead to the complaint'… be drawn by a neutral and detached magistrate instead Judged by the officer engaged in the often competitive enterprise of Ferreting out crime'… *Giordenello v. United States* 357 U.S. 480, 2 L. Ed 2d 1503, 78 Sct. 1245, 1250 (1958), quoting Johnson v. *United States* , 333, U.S. 10,92 L.Ed. 436,68 Sct. 367, 369, (1948)

## **Count I**

(Intentional Infliction of Emotional Distress)

8.) As a direct and proximate result of the above described action plaintiff suffered severe emotional distress, anguish, has been nervous, tense, irritable and depressed, has suffered great humiliation and embarrassment.

## **Count II**

(Conversion)

9.) Defendants unlawfully withheld plaintiff's property despite plaintiff's demand of its

5

return.

10.) As a proximate result of defendant's illegal search defendant cause grave damage to plaintiff's premises.

### Count III

(Unlawful Seizure)

11.) Defendants entered plaintiff's said property via a search warrant based on a false affidavit and seized plaintiff's property in excess of more than a million dollars and grossly understated the amount of U.S. currency which the defendants remove from plaintiff's premises.

### CONCLUSION

Wherefore, the defendants motion this Honorable Court to compensate the Plaintiffs for the reckless acts and complete disregard for the law by the defendants and as such, reward the plaintiffs the sum of Ten Million Dollars, based on the fact that the defendants acted with obvious malice and open contempt for the plaintiffs rights and those of his minor children who were traumatized by being displaced from their home for two days without cause, and the theft of plaintiffs property in excess of more than a Million Dollars and damage to the plaintiffs home which cost more than to repair, as such, the plaintiff motions this court for the sum cited in this complaint or a sum that this Honorable Court deems fair.

_King R. Perkins Jr._
King R. Perkins Jr.
1356 South FairField Avenue
Chicago, IL 60612

6