# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

KING R. PERKINS, JR.,            )
                                 )
    Plaintiff,                   )
                                 )
v.                               )     No. 04 C 2855
                                 )
CITY OF CHICAGO and CHICAGO POLICE )
OFFICER HARRY STRONG,            )
                                 )
    Defendants.                  )

## MEMORANDUM OPINION

Before the court is defendants' motion to dismiss for failure to state a claim. For the reasons that follow, the motion is granted in part and denied in part.

## BACKGROUND

*Pro se* plaintiff King R. Perkins, Jr. has brought this 42 U.S.C. § 1983 action against the City of Chicago ("the City") and Chicago Police Officer Harry Strong.[1] The allegations in the

---

[1] In addition to the City and Officer Strong, the caption to the Amended Complaint names the following: "unknown police officers," "unknown ATF officers," "Fire Department," "City of Chicago People Gas Company," and "Fed. Towing Companies." Of these purported defendants, Perkins has served process on the City, Strong, the Chicago Police Department, the Chicago Fire Department, and the Chicago Department of Streets and Sanitation. The city departments are merely organizational divisions of the City and have no separate legal existence; hence, they are not suable entities. See West v. Wagmire, 114 F.3d 646, 647 (7th Cir. 1997); (Chicago police department); Dr. Martin Luther King, Jr. Movement v. City of Chicago, 435 F.Supp. 1289, 1294 (N.D. Ill. 1977) (Chicago department of streets and sanitation). The City, already a defendant, is the real party in interest. See Fed.R.Civ.P. 17(a),(b). With respect to the "unknown" defendants, the Seventh Circuit has made clear that "it is pointless to include lists

Amended Complaint ("the complaint"), which are few, are taken as true for purposes of this motion. Sometime between April 19 and 21, 2002, ATF agents and Chicago police officers (including, presumably, Strong) entered and searched Perkins's home pursuant to a warrant for the arrest of Perkins's son. The officers soon discovered that his son was neither present nor residing at the home, but nonetheless continued their search and seized unidentified items belonging to Perkins and valued in excess of "[one] million dollars."

On these alleged facts, Perkins has filed a three-count complaint alleging a Fourth Amendment unlawful seizure claim (Count I) and state law claims for conversion and intentional infliction of emotional distress (Counts II and III). Defendants have moved to dismiss each count for failure to state a claim.

## DISCUSSION

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 354 (3d ed. 2004). When evaluating such a motion, the court must accept as true all factual allegations in the complaint and draw all reasonable inferences in

---

of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff." Wudtke v. Davel, 128 F.3d 1057, 1060 (7th Cir. 1997). The only defendants properly before the court are the City of Chicago and Officer Strong.

the plaintiff's favor. Hentosh v. Herman M. Finch Univ. of Health Sciences, 167 F.3d 1170, 1173 (7th Cir. 1999); Jang v. A.M. Miller & Assocs., 122 F.3d 480, 483 (7th Cir. 1997). Dismissal is appropriate only if "'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Ledford v. Sullivan, 105 F.3d 354, 356 (7th Cir. 1997) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); Jones v. General Elec. Co., 87 F.3d 209, 211 (7th Cir.), cert. denied, 519 U.S. 1008 (1996).

Moreover, the court has a special responsibility to construe a *pro se* complaint liberally and to "take appropriate measures to permit the adjudication of *pro se* claims on the merits, rather than to order their dismissal on technical grounds." Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 555 (7th Cir. 1996); see also Castillo v. Cook County Mail Room Dep't, 990 F.2d 304, 307 (7th Cir. 1993) (stating that a *pro se* complaint, "however inartfully pleaded," should be liberally construed). Accordingly, when reviewing a *pro se* complaint, the court must employ standards less stringent than if the complaint had been drafted by counsel. Antonelli v. Sheahan, 81 F.3d 1422, 1427 (7th Cir. 1996); Curtis v. Bembenek, 48 F.3d 281, 283 (7th Cir. 1995) (both citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).

We begin with Count III, the section 1983 unlawful seizure claim. The City argues that this count must be dismissed against

it because a municipality cannot be held liable under section 1983 on a theory of *respondeat superior*. A municipality may be liable under section 1983, but not on the basis of an agency theory. See Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978). Liability will attach only when the execution of a local government's "official policy or custom" caused the constitutional injury. See id. Because the only arguable basis for municipal liability presented in the complaint is *respondeat superior*, Count III does not state a claim against the City.

Officer Strong also moves for the dismissal of the unlawful seizure claim, on the ground that it is untimely. Section 1983 claims arising in Illinois are governed by a two-year limitations period. See Licari v. City of Chicago, 298 F.3d 664, 667-68 (7th Cir. 2002).[2] Perkins's claims accrued, at the latest, on April 21, 2002. See Diaz v. Shallbetter, 984 F.2d 850, 855 (7th Cir. 1993) ("[E]very constitutional tort actionable under § 1983 is treated as a personal injury, with the claim accruing when the injury is inflicted."). Perkins timely filed his original complaint on April 20, 2004, but that complaint named only the City as a defendant. Officer Strong was not added as a defendant until the filing of the

---

[2]Section 1983 does not provide its own statute of limitations. The Supreme Court, in Wilson v. Garcia, 471 U.S. 261, 276-80(1985), filled that legislative gap by directing district courts to look to the personal injury laws of the state where the injury occurred to determine the applicable statute of limitations. Illinois' personal injury statute of limitations is two years. See 735 ILCS § 5/13-202.

amended complaint on April 26, 2004, five days after the statute of limitations had run.  According to Strong, then, the section 1983 claim against him is time-barred.

The analysis is not quite that simple.  The claim will be time-barred only if it does not "relate back," pursuant to Federal Rule of Civil Procedure 15(c), to the timely complaint filed six days earlier.  Rule 15(c), which neither party addresses, provides in relevant part:

> (c) Relation Back of Amendments.  An amendment of a pleading relates back to the date of the original pleading when
>
> \* \* \*
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c)(2),(3).  Thus, there are three requirements for an amended complaint that adds a defendant to relate back to the date of the original complaint.  Each is satisfied in this case.

First, the amended complaint must arise out of the same conduct, transaction, or occurrence set forth in the original complaint. Perkins's original and amended complaints are short on details, but it is clear that both arise from the same incident – the officers' execution of an arrest warrant in Perkins's home. Second, the added defendant must have received notice of the commencement of the action within 120 days of the filing of the original complaint, see Fed.R.Civ.P. 4(m), such that he will not be prejudiced in maintaining a defense on the merits. Strong was actually served with the amended complaint within the Rule 4(m) time period for service of the original complaint, on August 19, 2004. Actual notice is, of course, "such notice that [a defendant] will not be prejudiced in maintaining [a] defense." Worthington v. Wilson, 8 F.3d 1253, 1255-56 (7th Cir. 1993).

The third prerequisite to "relation back" really has two sub-parts. First, the new defendant must have known or should have known, within the Rule 4(m) time frame, that but for the plaintiff's mistake, he would have been named in the initial suit. At the outset, it is not clear that this requirement adds anything to the notice requirement, at least when, as here, the added defendant receives notice that he *is* a new party within the time allowed for service of the original complaint. Cf. Woods v. Indiana University-Purdue University, 996 F.2d 880, 892 n. 1 (7th Cir. 1993) (Rovner, J., concurring) ("In my view, no clear

distinction exists between the concepts of notice and what a defendant 'knew or should have known.' They are interrelated concepts that should not be separately analyzed."). In any event, when a section 1983 complaint alleges unlawful conduct by public officials, yet only names their employer, those officials "are charged with knowledge that they are the appropriate targets of Section 1983 suits" for purposes of Rule 15(c)(3). Donald, 95 F.3d at 557; see also Woods, 996 F.2d at 887 ("[T]he law ascribes to *everyone*, including the later named individuals, the knowledge of the law that prescribes the potential Section 1983 liability of those individuals and not of the State itself – so that if it had not been for counsel's legal blunder, those individuals would have been the direct targets of the Complaint from the outset."). Strong therefore "knew or should have known" within the time frame allowable under Rule 4(m) that but for Perkins's mis-step, he would have been a party to the original complaint.

The second sub-part is whether Perkins's failure to name Strong in the original complaint constituted a "mistake" under Rule 15(c)(3). The Seventh Circuit has emphasized that "Rule 15(c)(3) contains a separate 'mistake' requirement. Indeed, in the absence of a mistake in the identification of the proper party, it is irrelevant for purposes of [the Rule] whether or not the purported substituted party knew or should have known that the action would have been brought against him." Baskin v. City of Des Plaines, 138

F.3d 701, 704 (7th Cir. 1998) (citations omitted). Donald informs our analysis here. In that case, a *pro se* plaintiff filed a section 1983 complaint naming only the Cook County Sheriff's Department, and added the individual officers only after the statute of limitations had run. The Seventh Circuit held that "when the substance of a *pro se* civil rights complaint indicates the existence of claims against individual officers not specifically named . . . . a legal mistake concerning whether to sue an institutional or individual defendant brings the amendment within the purview of Rule 15(c)(3) . . . ." Donald, 95 F.3d at 555, 557. As in Donald, Perkins mistakenly named only the City in his original complaint, when its substance "indicate[d] the existence of claims against individual officers." Id.[3] Perkins's "mistake" falls within the ambit of Rule 15(c)(3).

Because Perkins's claim against Strong satisfies Rule 15(c), it relates back to the initial complaint and is timely under the two-year limitations period. Count III will stand against Strong.

Next, both the City and Strong argue that Counts I and II, the state law claims, are untimely under the Illinois Tort Immunity

---

[3] We note that Perkins is not seeking to add a defendant whose identity was unknown when the original complaint was filed. See King v. One Unknown Fed. Corr. Officer, 201 F.3d 810, 914 (7th Cir. 2000) (Rule 15(c)(3) does not permit relation back when there is "a simple lack of knowledge of the identity of the proper party.") (citation omitted). Perkins identified Strong by name on the civil cover sheet form that was filed contemporaneously with the initial complaint.

Act, which provides that "[n]o civil action . . . may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the action accrued." 745 ILCS § 10/8-101. Perkins's claims for conversion and intentional infliction of emotion distress accrued, at the latest, on April 21, 2002. His first complaint was filed on April 20, 2004, one year late under Illinois's statute. Counts I and II are therefore time-barred.

One housekeeping matter remains. Because our disposition of Counts I and II rests only on statute of limitations grounds, we do not have a true 12(b)(6) issue. Pleading the statute of limitations is an affirmative defense, and therefore may be waived (or forfeited if not pled by defendants). And because complaints need not anticipate or plead around affirmative defenses, see Gomez v. Toledo, 446 U.S. 635, 640 (1980), we cannot hold that Counts I and II fail to state a claim on which relief can be granted solely because they are untimely. See United States v. Northern Trust Co., 372 F.3d 886, 888 (7th Cir. 2004); Leavell v. Kieffer, 189 F.3d 492, 494-95 (7th Cir. 1999). Instead, since defendants had the opportunity for response that Rule 12(c) requires, and our holding does not depend on any documents beyond the pleadings, we grant defendants a judgment on the pleadings on Counts I and II pursuant to Rule 12(c) on the grounds that they are time-barred.

-10-

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted in part and denied in part. The City of Chicago's motion to dismiss Count III is granted without prejudice. In the event that discovery discloses a basis for a Monell claim, Perkins can move to amend the complaint to include the City. If the City is not named within 120 days of this order, the dismissal will be with prejudice. Officer Strong's motion to dismiss Count III is denied. Judgment on the pleadings is entered in favor of the City and Officer Strong on Counts I and II. A status hearing is set for May 4, 2005 at 11:00 and discovery is to proceed without delay.

DATE: April 6, 2005

ENTER: _____
John F. Grady, United States District Judge