# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| KING R. PERKINS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 04 C 2855 |
| ) | |
| CITY OF CHICAGO and CHICAGO POLICE ) | |
| OFFICER HARRY STRONG, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is plaintiff King Perkins, Jr.'s motion for summary judgment. The facts alleged in this case, briefly, are that Chicago police officers, including defendant Officer Harry Strong, entered and searched Perkins's home pursuant to a warrant for the arrest of his son, King Perkins III. According to Perkins, the officers soon discovered that his son was neither present nor residing at the home, but nonetheless continued their search and seized unidentified items belonging to Perkins and valued in excess of "[one] million dollars." (Am. Compl., p. 1-3, 6.) (A more detailed recitation of the facts can be found in this court's opinion of April 6, 2005.) The only claim remaining in this case is a 42 U.S.C. § 1983 unlawful search and seizure claim against Officer Strong.

In his motion, Perkins argues that a judgment recently entered in a state court criminal case has preclusive effect on the

§ 1983 claim before this court. It appears from Perkins's motion and attached exhibits that his son, King Perkins III, was acquitted on a felon in possession of a firearm charge on July 11, 2005 in the Circuit Court of Cook County, Illinois. Perkins claims that the state court judge entered a directed verdict of acquittal upon finding that "the defendants in this case had no probable cause for the raid upon and the seizure of the plaintiff's property." (Pl.'s Mot., p. 8.) Perkins contends that the state court's finding that Officer Strong and the other officers had no probable cause to enter his home, or to search for or seize items in his home, collaterally estops Strong from arguing otherwise in this case.

State court judgments have collateral estoppel effect in subsequent § 1983 litigation, see Allen v. McCurry, 449 U.S. 90, 96 (1980), and federal courts look to the law of the state where the judgment was rendered to determine its preclusive effect. See Brokaw v. Weaver, 305 F.3d 660, 669 (7th Cir. 2002). Under Illinois law, "collateral estoppel requires that: (1) the issues decided in the prior adjudication are identical to issues presented for adjudication in the current proceeding; (2) there be a final judgment on the merits; and (3) the party against whom estoppel is asserted was a party or in privity with a party in the prior action." Id.

Even if we assume, as Perkins alleges, that the state court found that Officer Strong and the other officers did not have

probable cause to search Perkins's home, collateral estoppel still does not apply in this case. Officer Strong was not a party to the criminal proceedings because that action was brought against King Perkins III by the State of Illinois. Nor was Strong "in privity" with the state. For privity to exist, "strict identity of the parties is not necessary, [but] . . . the parties must be so closely aligned that they represent the same legal interest." Kraushaar v. Flanigan, 45 F.3d 1040, 1050 (7th Cir. 1995). The person to be bound, whether a party or their privy, must have "had a full and fair opportunity to litigate" the issue, as well as an "incentive to vigorously litigate in the former proceeding." Talarico v. Dunlap, 177 Ill.2d 185, 226 Ill.Dec. 222, 685 N.E.2d 325, 328 (Ill. 1997). In prosecuting King Perkins III in a criminal case, the state did not "represent the same legal interest" that Officer Strong has in defending this civil § 1983 case. The state's primary objective was to secure a conviction, not to demonstrate that Strong's conduct was constitutionally defensible. Obviously, showing that the search of Perkins's home was lawful was important to the state's case but the state was not directly representing the interests of Officer Strong. Moreover, Strong had no control over the criminal case. Perhaps he was a witness, but he did not make decisions regarding trial strategy and he could not appeal the ruling of the state court. Officer Strong was not in privity with the state in the criminal action.

Because Officer Strong was not a party or in privity with a party in the state court case, there is no collateral estoppel. Perkins's motion for summary judgment [24-1, 29-1] is denied.

DATE:   October 6, 2005

ENTER:  _____
        John F. Grady, United States District Judge